1  LAW OFFICES OF JOHN L. BURRIS
   JOHN L. BURRIS, Esq. (SBN 69888)
   Airport Corporate Centre
2  7677 Oakport Street, Suite 1120
   Oakland, California 94621
3  Telephone: (510) 839-5200
   Facsimile: (510) 839-3882
4  john.burris@johnburrislaw.com

5  LAW OFFICES OF JOHN L. BURRIS
   K. CHIKE ODIWE, Esq. (SBN 315109)
6  9701 Wilshire Blvd., Suite 1000
   Beverly Hills, California 90212
7  Telephone: (310) 601-7070
   Facsimile: (510) 839-3882
8  chike.odiwe@johnburrislaw.com

9  Attorneys for Plaintiff

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  CHRISTOPHER RAMOS, an individual,          CASE NO.:

15
                          Plaintiff,
16                                             COMPLAINT FOR DAMAGES
17        vs.                                  (42 U.S.C. Section 1983 and pendent tort
                                               claims)
18
    COUNTY OF ALAMEDA, a municipal             JURY TRIAL DEMANDED
19  corporation; AEG CORPORATION; a business
20  entity; and DOES 1-50, inclusive, individually
    and in their official capacity as agents for the
21  Alameda County Sheriff's Office,

22                        Defendants.

23

24

25

26

27

28

**INTRODUCTION**

1.      This case arises out of the unconstitutional level of force that was used against Christopher Ramos on September 30, 2018 by multiple members of the Alameda County Sheriff's Department.

2.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used during Ms. Ramos' arrest.

**JURISDICTION**

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

5.      Plaintiff CHRISTOPHER RAMOS (hereinafter "Plaintiff"), has been and is a resident of the state of California and is a United States Citizen.

6.      Defendant COUNTY OF ALAMEDA (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Alameda County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

7.      Defendant AEG CORPORATION (hereinafter "AEG") a wholly owned subsidiary of the Anschutz Company, is a sports, entertainment and venue operator. AEG manages the Oakland

1   Coliseum. AEG is contracted by Alameda County and is required to defend and hold harmless the

2   COUNTY OF ALAMEDA.

3       8.      Plaintiff is ignorant of the true names and capacities of those Defendants named herein

4   as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true

5   names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and

6   believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for

7   the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately

8   caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

9   or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful

10  misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter

11  set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out

12  of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names

13  and identities of DOES 1 through 25, inclusive, when they have been ascertained.

14      9.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through

15  50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and

16  believes and thereon alleges that each Defendant so named was employed by Defendant City at the

17  time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50

18  were responsible for the training, supervision and/or conduct of the police officers and/or agents

19  involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50

20  was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this

21  Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been

22  ascertained.

23                          **ADMINISTRATIVE PREREQUISITES**

24      10.     Plaintiff is required to comply with an administrative tort claim requirement under

25  California law. Plaintiff timely filed a claim against the County of Alameda on March 6, 2019. On

26  March 11, 2019, Plaintiff received notice that the County of Alameda rejected his claim. Plaintiff has

27  exhausted all administrative remedies pursuant to California Government Code Section 910.

28

## GENERAL ALLEGATIONS

11.     On September 20, 2018 at approximately 1:00 p.m., Plaintiff Christopher Ramos and his nephew attended the Raiders game at the Oracle Arena at 7000 Coliseum Way in Oakland, California. During the incident, the Officers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

12.     Plaintiff and his nephew left their seats for a brief smoke break and asked a security guard at the Oracle Arena where the smoke section was located. The security guard gave Plaintiff vague instructions about where the smoking area was; Plaintiff headed towards the area where he believed the security guard instructed him to. Suddenly, approximately 4-5 security guards from the Oracle Arena stopped Plaintiff and his nephew and informed them that they were in a "no smoke zone." The guards then proceeded to ask Plaintiff for his identification. Plaintiff handed the guards his identification without incident. Thereafter, multiple yet-to-be identified deputies from the Alameda County Sheriff's Department arrived on the scene and asked Plaintiff for his identification as well.  Plaintiff checked his person for his identification then recalled that he handed it to a security guard.  Plaintiff then asked the security guard if they were still in possession of his identification. Without warning or legal justification, the yet to be identified deputies elbowed Plaintiff in his face, threw him to the ground, and kneed him. Plaintiff was in extreme pain and agony due to the unreasonable level of force. Instead of summoning medical attention for Plaintiff's injuries, the deputies simply arrested him. The deputies handcuffed Plaintiff's wrists so tightly that he was unable to move his arms, causing greater damage to Plaintiff's injuries.

13.     Plaintiff received treatment for his injuries at Stanford Medical Center where he was diagnosed with lip lacerations and a dislocated shoulder. Plaintiff also suffered severe emotional distress as a consequence of the deputies' unlawful conduct.

14.     Each of the deputies failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

15.     By failing to intervene, each of the deputies additionally violated Plaintiff's constitutional rights.

16.     The actions and omissions of County and the DOE Defendant Alameda County Sheriff's deputies were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

17.     Plaintiff is informed and believes and thereon alleges that County and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1 through 25. Their failure to discipline DOES 1 through25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up DOES 1 through 25's inclusive, misconduct.

18.     Plaintiff is informed and believes and thereon alleges that members of the Alameda County Sheriff's Department including, but not limited to DOES 1 through 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

19.     Plaintiff is informed and believes and thereon alleges that County knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

20.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

21.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

22.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(Against Defendants DOES 1-25)**

23.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(Against Defendants DOES 1-25)**

25.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.     42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

27.     Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of

1    emotional distress, unreasonable search and seizure, and to be free from excessive force being used

2    against him.

3            28.     Defendants' actions as described herein resulted in the deprivation of these

4    constitutional rights.

5            29.     Defendants, acting in the performance of their official duties, used excessive force

6    against Plaintiff.

7            30.     There was no need for the use of any force against Plaintiff because he was completely

8    calm, cooperative, and unresisting at all times during the incident.

9            31.     In using excessive force, the Defendant Officers were acting in accordance with

10   widespread informal practices and customs maintained by the County and County Sheriff's

11   Department.

12           32.     Defendants, acting under the color of statute, ordinances, regulations, customs and

13   usages of the State, knew that the use of force in these circumstances was illegal under clearly

14   established law.

15           33.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are

16   protected under the United States Constitution. The conduct alleged herein has also legally,

17   proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress,

18   pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further

19   damages according to proof at the time of trial.

20           34.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or

21   reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

22           WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23

24                              **THIRD CAUSE OF ACTION**
                                  **(42 U.S.C. Section 1983)**
25   **(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**
                                 **(Against Defendants 1-25)**
26

27           35.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through

28   34 of this Complaint.

36.     Despite repeatedly requesting medical treatment and care due to the injuries Plaintiff sustained as a result of the excessive force employed by Defendants, Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical and emotional pain.

37.     The denial of medical care by Defendants deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures and to receive medical care as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.     As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including loss of full function and/or use of his arms, and loss of wages and earning capacity.

39.     Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

40.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

41.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants County and DOES 26-50)**

42.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43.     On information and belief Defendants' DOES 1-25 conduct, individually and as peace officers was ratified by County's Sheriff's Departments supervisorial officers DOES 26-50.

44.     On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

45.     On and for some time prior to September 20, 2018, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      a.   Employing and retaining as sheriff's deputies and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County Sheriff Department policies, including the use of excessive force, respect for the First Amendment, and permitting access to medical care;

      b.   Of inadequately supervising, training, controlling, assigning, and disciplining County Sheriff's deputies, and other personnel, including Defendants who County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

      c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are sheriff's deputies of County;

      d.   By failing to discipline County sheriff's deputies conduct, including but not limited to, unlawful seizures, excessive force, denying access to medical care, and violations of the First Amendment;

e.  By ratifying the intentional misconduct of Defendants and other officers who are deputies of County;

f.  By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful seizures and excessive force by County Sheriff's Deputies.

46.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiff is entitled to recover damages.

47.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

48.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

49.    Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(Against Defendants DOES 1-25)**

50.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

52.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

53.     Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

54.     Plaintiff is entitled to treble damages, but in no case less than  $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

55.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Battery)**
**(Against Defendants DOES 1-25)**

56.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

57.     Defendants touched Plaintiff with the intent to harm or offend her.

58.     Plaintiff did not consent to the touching and was harmed by it.

59.     A reasonable person in Plaintiff s situation would have been offended by the touching.

60.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

61.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants DOES 1-25)

62.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 61 of this Complaint.

63.     Defendants' conduct as described herein was outrageous.

64.     Defendants intended to cause Plaintiff emotional distress.

65.     Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

66.     Plaintiff suffered severe emotional distress from Defendants' harassment.

67.     Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

68.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

69.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION
### (Negligence)
### (Against Defendants DOES 1-50)

70.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

71.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County.  As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

72.     Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

73.     Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

74.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

75.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof as to Defendants Does 1-25;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For any and all statutory damages allowed by law;

6.     For cost of suit herein incurred; and

///

1    7.      For such other and further relief as the Court deems just and proper.

2

3

4                                                          **Law Offices of John L. Burris**

5

6    Dated:  September 11, 2019                  __/s/ *John L. Burris*___
                                                          John L. Burris Esq.,
7                                                          Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28