J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:    (510) 287-4160
Fax:    (510) 287-4161

Attorneys for Defendants
COUNTY OF ALAMEDA, DEPUTY K. GUERRA
and DEPUTY R. WALTER

LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  510-839-5200
Fax:  510-839-3882
john.burris@johnburrislaw.com

LAW OFFICES OF JOHN L. BURRIS
K. CHIKE ODIWE, Esq. (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone:  310-601-7070
Fax:  510-839-3882
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| CHRISTOPHER RAMOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, a municipal corporation; et al.<br><br>Defendants. | Case No.:  4:19-cv-05715-DMR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:  March 4, 2020**<br>**Time:  1:30 p.m.**<br>**Dept:   Ctrm 4 (3rd Fl. – Oakland USDC)**<br>**Mag. Judge:  Hon. Donna M. Ryu**<br><br>Action Filed:  September 11, 2019 |

1

{00117786.DOC/}RMS 1215                                                                                    *Ramos v. County of Alameda, et al.*
JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                              4:19-cv-05715-DMR

The Parties submit this JOINT CASE MANAGEMENT CONFERENCE STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction and Service:**

There are no issues regarding personal jurisdiction or venue.

**2. Facts:**

**Plaintiff's Version**

On September 20, 2018 at approximately 1:00 p.m., Plaintiff Christopher Ramos and his nephew attended the Raiders game at the Oracle Arena at 7000 Coliseum Way in Oakland, California. During the incident, the Officers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions. Plaintiff and his nephew left their seats for a brief smoke break and asked a security guard at the Oracle Arena where the smoke section was located. The security guard gave Plaintiff vague instructions about where the smoking area was; Plaintiff headed towards the area where he believed the security guard instructed him to. Suddenly, approximately 4-5 security guards from the Oracle Arena stopped Plaintiff and his nephew and informed them that they were in a "no smoke zone." The guards then proceeded to ask Plaintiff for his identification. Plaintiff handed the guards his identification without incident. Thereafter, multiple deputies from the Alameda County Sheriff's Department arrived on the scene and asked Plaintiff for his identification as well. Plaintiff checked his person for his identification then recalled that he handed it to a security guard. Plaintiff then asked the security guard if they were still in possession of his identification. Without warning or legal justification, Defendants Guerra and Walter elbowed Plaintiff in his face, violently threw him to the ground, and needlessly kneed him. Plaintiff was in extreme pain and agony due to the unreasonable level of force. Instead of summoning medical attention for Plaintiff's injuries, the deputies simply arrested him. Defendants Guerra and Walter then handcuffed Plaintiff's wrists so tightly that he was unable to move his arms, causing greater damage to Plaintiff's injuries.

Plaintiff received treatment for his injuries at Stanford Medical Center where he was diagnosed with lip lacerations and a dislocated shoulder. Plaintiff also suffered severe emotional

2

1  distress as a consequence of the deputies' unlawful conduct.

2  **Defendants County of Alameda, Deputy Guerra and Deputy Walter's Version of**
3  **Events:**

4  This case involves a 36-year-old plaintiff who drank too much at an Oakland Raiders game on September 30, 2018. He eventually came into contact with several security guards and deputy Sheriffs. One of the deputies proceeded to ask the plaintiff some questions. Mr. Ramos then lunged at the officer as though he intended to strike her. A scuffle ensued, and the plaintiff was taken to the ground. He alleges that he sustained a separated shoulder for which he was treated at an emergency room.

By way of background, the Oakland-Alameda County Coliseum Authority owns the subject property. Co-defendant AEG (a.k.a. AEGMO) has a contract with the Authority to manage the Coliseum. The Authority, "by and through its general manager AEG . . .," has a contract with the County of Alameda which requires the County to provide on-site deputy sheriffs at various Coliseum events.

A company by the name of Landmark Event Staffing Services, Inc. (a.k.a. Landmark Security) had a contract with AEGMO to provide security guards at Coliseum events.

Now, turning to the date of loss, smoking is prohibited within certain areas of the Coliseum. Signs are posted at various locations which inform fans that they are subject to ejection from the stadium if they are found to be smoking in the prohibited areas. Nevertheless, a group of smokers congregated on the ramp near Gate MM. The plaintiff was among them. There was a "No Smoking" sign in the immediate vicinity.

Several guards employed by Landmark approached the smokers. The guards told the group that they were standing in a no-smoking area, would be written up, and told to leave. The guards began to take information from the offenders.

The Landmark employees then called for assistance from ACSO in obtaining information. Deputies Guerra and Walter responded. Deputy Guerra is a woman. She is 5'4" tall, and weighs 165 pounds. Deputy Walter is of medium height and weight. The plaintiff is 6'2" tall and weighs 170 pounds.

The plaintiff initially provided his driver's license to Deputy Guerra. She could smell alcohol on his breath. She began taking notes, and asked the plaintiff for his telephone number. The plaintiff suddenly lunged at Guerra and brushed against her in an apparent attempt to retrieve his license. Guerra ordered the plaintiff to cease and desist. He lunged at her again. Deputy Guerra grabbed the plaintiff's left arm, and a scuffle began. Deputy Walter immediately grabbed the plaintiff from behind. The fracas continued, and the plaintiff was taken to the ground. His face struck the concrete and he came away with a bloody nose. The plaintiff quickly ceased his struggling. He was cuffed, and medical personnel were summoned.

The incident occurred at 1356 or so. The plaintiff's blood alcohol was .12 at 1435 according to a Preliminary Alcohol Screening Device.

Mr. Ramos was arrested for violation of Penal Code section 69, namely interference with, and resisting, the two deputies. The plaintiff was taken to Valley Care Medical Center. There were some x-ray findings consistent with a shoulder dislocation.

He was then booked at Santa Rita. Mr. Ramos was released on bail at 1156 on October 1. The charges were dismissed at hearing on October 2, 2018.

## VIDEOS

There are body camera videos from the two defendants which were activated <u>before the plaintiff lunged at Deputy Guerra</u>. They depict the most relevant events. It is clear from the videos that Mr. Ramos was under the influence of alcohol. His speech is slurred and he appears to be lethargic.

A Raiders' fan recorded a portion of the incident on his cell phone and published it on the internet. The version recorded by the rooter begins with the struggle among Ramos, Guerra, and Walter, proceeds through the take-down of the plaintiff, and depicts the handcuffing. The video does not show the interview of the plaintiff by Deputy Guerra, the lunge(s) of Mr. Ramos, or the vocal warnings given to the plaintiff before he was taken to the ground. Thus, it fails to provide the context in which the physical force was applied.

There are three other videos recorded by ACSO personnel which provide a considerable amount of evidence with regard to the management of the plaintiff after the takedown.

The videos reflect the presence of perhaps four – six security personnel. Many of them were present during the initial contact between the plaintiff and Deputy Guerra. The defendants believe that the security personnel were employees of Landmark. The supervisor of the Landmark personnel provided a statement to ACSO which corroborates the version of the events set forth in the ACSO Incident Report.

## **INDEMNITY**

The Authority-County contract requires AEG to defend, indemnify, and hold the County harmless from any claims:

> "(i)   arising from any [negligence] of AEGMO [or its] independent contractors . . . or
>
> (ii)  arising from any act or omission alleged to have been committed by the County . . . arising from the provision of [law enforcement] services . . . except for . . . willful misconduct or gross recklessness."

The First Amended Complaint alleges numerous theories against the County and deputies which require AEGMO to defend and indemnify them pursuant to the terms of the contract. The defense of the County and its deputies has been tendered. The County awaits a response.

///

///

///

### CLAIM AND FIRST AMENDED COMPLAINT (FAC)

A Government Code claim was timely filed on March 6, 2019. It was rejected on March 11. Mr. Ramos timely filed his original complaint on September 11, 2019.

There are four claims for violation of Section 1983 in the FAC:

(1) Unlawful arrest;
(2) Excessive force;
(3) Deliberate indifference to medical status; and
(4) Monell.

The following state law claims are also alleged:

(5) Violation of Civil Code Section 52.1;
(6) Battery;
(7) Intentional Infliction of Emotional Distress; and
(8) Negligence.

### 3. Legal Issues

The County defendants contend as a matter of law that the force was reasonable, the arrest was lawful, and medical attention was promptly provided. QI (Qualified Immunity) also applies. The *Monell* claim is unmeritorious as a matter of law.

### 4. Motions

**Plaintiff:**

Plaintiff anticipates filing a motion for summary judgment or partial summary judgment after the completion of certain basic discovery.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants anticipate filing a motion for summary judgment or partial summary judgment after the completion of certain basic discovery.

### 5. Amendment of Pleadings

**Plaintiff:**

Plaintiff does not anticipate a need to amend the pleadings.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants do not anticipate a need to amend the pleadings.

**6. Evidence Preservation**

**Plaintiff:**

Plaintiff has taken reasonable steps to preserve evidence.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

The defendants have taken reasonable steps to preserve evidence.

**7. Disclosures**

**Plaintiff:**

Plaintiff will produce an initial disclosure under FRCP Rule 26

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

The defendants will produce an initial disclosure under FRCP Rule 26.

**8. Discovery**

**Plaintiff:**

Plaintiff anticipates serving written discovery upon the Defendants. Plaintiff anticipates the need to depose the Defendants.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants anticipate serving written discovery upon the plaintiff. Defendants anticipate the need to depose the plaintiff.

**9. Class Actions**

This matter is not a class action.

**10. Related Cases**

None.

**11. Relief**

**Plaintiff:**

Plaintiff seeks the damages as outlined in his operative Complaint.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants will seek a judgment by way of an MSJ, or, alternatively, a partial judgment by way of a motion for partial summary judgment. Otherwise, the defendants will seek an order of dismissal with an award of attorney's fees and costs.

**12. Settlement and ADR**

**Plaintiff:**

Plaintiff intends to serve a written demand on Defendants.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

The plaintiff's attorney has promised to send a written demand. The intention is to pursue settlement without the assistance of a settlement magistrate.

**13. Consent to Magistrate Judge for all Purposes**

**Plaintiff:**

Plaintiff consents to a magistrate judge for all purposes in this matter.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants consent to a magistrate judge for all purposes in this matter.

**14. Other References**

None anticipated.

**15. Narrowing of Issues**

**Plaintiff:**

Plaintiff does not anticipate dismissing any claims at this point.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defendants will meet and confer with plaintiff's counsel regarding a dismissal of the Fourth Cause of Action for Monell liability and a dismissal of the County of Alameda as a defendant.

**16. Expedited Trial Procedure**

This is not the type of case that can be handled in an expedited fashion.

**17. Scheduling**

Scheduling is complicated because one or more of the defendants has not yet appeared. However, the County defendants propose the following:

| | |
|---|---|
| Fact Discovery Cut-Off | October 30, 2020 |
| Expert Disclosures | November 20, 2020 |
| Expert Rebuttals | November 30, 2020 |
| Expert Discovery Cut-Off | December 22, 2020 |

| | |
|---|---|
| Deadline to file Dispositive Motions | January 25, 2021 |

**18. Trial**

**Plaintiff:**

Plaintiff demands a trial by jury and estimate the length of trial to be five-seven days.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter::**

Defendants demand a trial by jury and estimate the length of trial to be four-five days.

**19. Disclosure of Non-Party Interested Entities or Persons**

**Plaintiff:**

N/A

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Landmark Event Staffing Services, Inc.

**20. Professional Conduct**

**Plaintiff:**

Plaintiff's counsel has reviewed the Guidelines with his client.

**Defendants County of Alameda, Deputy Guerra and Deputy Walter:**

Defense counsel has reviewed the Guidelines with his client.

**21. Other Matters**

None known at this time.

Dated:   February 26, 2020.                    **ANDRADA & ASSOCIATES**

                                  By   */s/ J. Randall Andrada*
                                       J. RANDALL ANDRADA
                                       Attorneys for Defendants
                                       COUNTY OF ALAMEDA, DEPUTIES
                                       K. GUERRA AND R. WALTER

9

1   Dated:      February 26, 2020                    **LAW OFFICES OF JOHN L. BURRIS**

                                                     By /s/ *K. Chike Odiwe*
                                                         K. CHIKE ODIWE
                                                         Attorney for Plaintiff
                                                         CHRISTOPHER RAMOS

10

{00117786.DOC/}RMS 1215                              *Ramos v. County of Alameda, et al.*
JOINT CASE MANAGEMENT CONFERENCE STATEMENT           4:19-cv-05715-DMR